UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-02632-KK-DSRx** | Date: | September 15, 2026 |
|---|---|---|---|
| Title: | ***Ngwu Onyekachi Kingsley v. Todd M. Lyons, et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Petition for Writ of Habeas Corpus [Dkt. 1]**

## I. INTRODUCTION

On May 15, 2026, petitioner Ngwu Onyekachi Kingsley ("Petitioner") filed the operative Petition for Writ of Habeas Corpus ("Petition") against respondents Todd M. Lyons, Marcos Charles, Markwayne Mullin, Todd Blanche, and Doe 1 (collectively, "Respondents"). ECF Docket No. ("Dkt.") 1, Petition ("Pet."). On May 20, 2026, Respondents filed an Answer to the Petition. Dkt. 10, Answer.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons set forth below, the Petition is **GRANTED**.

## II. BACKGROUND

The Court incorporates the factual background set forth in its May 22, 2026 Order granting Petitioner's Motion for Preliminary Injunction. See Dkt. 12 at 1-2.

On May 15, 2026, Petitioner, proceeding through counsel, filed the operative Petition, asserting his detention violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 23-40. Petitioner requested an order of immediate release from custody or, in the alternative, an order returning Petitioner to supervised release pending the

resolution of his removal proceedings, or a constitutionally adequate bond hearing before a neutral decisionmaker. Id. at 19.

On the same day, Petitioner filed an Application for Temporary Restraining Order, seeking an order of his immediate release from Respondents' custody and an injunction preventing Respondents from re-detaining him without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required; or, in the alternative, a bond hearing. Dkt. 2 at 2. On May 18, 2026, the Court converted Petitioner's Application for Temporary Restraining Order to a Motion for Preliminary Injunction ("Motion") and ordered expedited briefing. Dkt. 8.

On May 20, 2026, Respondents filed an Answer to the Petition and Response to Petitioner's Motion. Answer.

On May 21, 2026, Petitioner filed a Reply in support of his Motion. Dkt. 11, Reply.

On May 22, 2026, the Court granted Petitioner's Motion, ordered Petitioner's release from immigration custody, and enjoined Respondents from re-detaining Petitioner without providing him a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required. Dkt. 12 at 8. The Court further ordered the parties to file a stipulated order and judgment granting the Petition, or, in the alternative, a joint status report no later than May 26, 2026. Id.

On May 29, 2026, having received no responsive filing, the Court issued an Order to Show Cause why Respondents should not be sanctioned for failure to comply with the Court's Order. Dkt. 13.

That day, Respondents filed a Response and status report confirming Petitioner was released from custody on May 22, 2026 pursuant to the Court's May 22, 2026 Order. Dkt. 14. To date, the parties have not filed a stipulated order and judgment granting the Petition, nor a joint status report.

On September 9, 2026, the Magistrate Judge issued an Order to Show Cause why final judgment should not be entered on terms of the preliminary injunction. Dkt. 16.

This matter, thus, stands submitted.

## III.
## DISCUSSION

### A. THE PETITION IS NOT MOOT

#### 1. Applicable Law

Courts have an obligation to consider mootness and should deny requested relief where it is superfluous. In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005). "A case becomes moot – and therefore no longer a 'case' or 'controversy' for purposes of Article III – when the issues presented

are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Rosebrock v. Mathis, 745 F.3d 963, 971 (9th Cir. 2014) (citing Already, LLC v. Nike, Inc., 568 U.S. 85, 90 (2013)).

The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." Wallingford v. Bonta, 82 F.4th 797, 805 (9th Cir. 2023) (citation modified) (quoting Nw. Env't Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also Chen v. Allstate Ins. Co., 819 F.3d 1136, 1145 (9th Cir. 2016) ("[A] claim becomes moot once the plaintiff actually receives all of the relief to which he or she is entitled on the claim."); NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief they sought). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 174 (2000).

**2. Analysis**

Here, Petitioner was released from immigration custody only pursuant to the Court's May 22, 2026 Order granting the preliminary injunction. See Dkt. 12. The preliminary relief granted by the Court's May 22, 2026 Order is thus, by definition, temporary pending the resolution of this litigation. See Cruz v. Lyons, No. EDCV 25-02879-MCS-MBKx, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) (finding a petitioner's release pursuant to a temporary restraining order did not moot her underlying habeas petition). Notably, Respondents provide no indication, let alone an "absolutely clear" assurance, that they will not re-detain Petitioner without procedural safeguards pursuant to their purported authority under 8 U.S.C. § 1226. Already, LLC, 568 U.S. at 91 (citation modified) (quoting Friends of the Earth, Inc., 528 U.S. at 190); see generally Dkt. 12. Therefore, absent a ruling on the Petition, Petitioner continues to "face[] the threat of re-arrest and mandatory detention." Nielsen v. Preap, 586 U.S. 392, 403 (2019) (holding detainees' release on bond did not moot their detention claims); see also Renee v. Duncan, 686 F.3d 1002, 1016 (9th Cir. 2012) ("[A] temporary halt to unlawful action does not moot a claim for injunctive relief.").

Further, as the Court has already found Petitioner's detention violated his right to procedural due process, Respondents may not re-detain him pursuant to 8 U.S.C. § 1226 without procedural protections. Because "[t]his would place Petitioner in a far different situation from his current one," Petitioner "retains a personal stake" in the outcome of the Petition. Rodriguez v. Hayes, 591 F.3d 1105, 1117 (9th Cir. 2010), abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018); see also Diouf v. Napolitano, 634 F.3d 1081, 1084 n.3 (9th Cir. 2011) (applying voluntary-cessation exception to mootness to a petitioner's claims where the petitioner had been released on bond), abrogated on other grounds by Johnson v. Arteaga-Martinez, 596 U.S. 573 (2022).

Hence, consistent with the weight of the case law in this District, the Court finds Petitioner's release from Respondents' custody does not moot the Petition. See Y.L.S. v. Santacruz, No. EDCV 25-02927-CV-MBKx, 2026 WL 734586, at *4 (C.D. Cal. Feb. 5, 2026) (collecting cases), report and recommendation adopted, No. EDCV 25-02927-CV-MBKx, 2026 WL 710388 (C.D. Cal. Mar. 13, 2026).

///

## B. PETITIONER IS ENTITLED TO ADDITIONAL INJUNCTIVE RELIEF

In granting Petitioner's Motion, the Court found Petitioner's detention without notice or a pre-deprivation hearing likely violated Petitioner's right to procedural due process. Dkt. 12 at 3-6. In so doing, the Court rejected the arguments raised by Respondents in their Answer. See id. at 5-6; Answer at 2-3.

For the same reasons set forth in the Court's May 22, 2026 Order, the Court finds Petitioner is entitled to an injunction prohibiting Respondents from re-detaining him under 8 U.S.C. § 1226 without providing him with a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required. Dkt. 12 at 8. Additionally, given the parties' failure to file a joint status report indicating why the Petition should not be granted on the same grounds and under the same terms as the Court's May 22, 2026 Order, the Court sees no reason to depart from this previous analysis.

Accordingly, in light of Petitioner's prior release and the absence of procedural safeguards afforded to Petitioner in connection with his detention, the Court finds Petitioner is entitled to an injunction prohibiting Respondents from re-detaining him under 8 U.S.C. § 1226 without a pre-deprivation hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required.

## IV.
## CONCLUSION

For the reasons set forth above, the Court orders as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**; and
2. Respondents are permanently **ENJOINED** from re-detaining Petitioner under 8 U.S.C. § 1226 without providing him with a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger such that his physical custody is required.

**IT IS SO ORDERED**. (JS-6)